UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRYSON E. MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 1:06 CV 269 |
| ) | |
| LISA GLANCY, Deputy Prosecuting ) | |
| Attorney, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On September 8, 2006, the court granted plaintiff Bryson Matthews'

requests to dismiss his case voluntarily. However, Matthews has now moved to

withdraw those requests and to have his case reinstated, explaining that his

requests for voluntary dismissal were premised on the misunderstanding that

dismissal would negate his obligation to pay a filing fee. Accordingly, the court

**GRANTS** Matthews' request, the order of September 8, 2006 (DE# 6) is now

**VACATED,** and this case is now **REINSTATED** on the court's docket.

Matthews, a prisoner confined at Indiana's Pendleton Correctional Facility,

alleges in his complaint that Grant County, Indiana, Deputy Prosecuting

Attorney Lisa Glancy, violated his federally protected rights for which he seeks

monetary damages via 42 U.S.C. § 1983. The court must review the merits of a

complaint filed by a prisoner which seeks redress from a governmental entity or

officer or employee of a governmental entity, and dismiss it if the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915A.

Courts apply the same standard under § 1915A as when addressing a

motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230

F.3d 1027, 1029 (7th Cir. 2000). A claim may be dismissed only if it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief.  Allegations of a pro se complaint are held to

less stringent standards than formal pleadings drafted by lawyers. Accordingly,

pro se complaints are liberally construed.

In order to state a cause of action under 42 U.S.C. § 1983, the Supreme

Court requires only two elements:  First, the plaintiff must allege that some

person has deprived him of a federal right.  Second, he must allege that the

person who has deprived him of the right acted under color of state law.  These

elements may be put forth in a short and plain statement of the claim showing

that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the

complaint on a motion to dismiss, no more is required from plaintiff's allegations

of intent than what would satisfy Rule 8's notice pleading minimum and Rule

9(b)'s requirement that motive and intent be pleaded generally. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Matthews brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

In 2000, police investigating a murder in Grant County listed a gun in the evidence sheet. Mr. Matthews asserts that scientific testing has not established that the bullet taken from the victim matches this weapon, but that Ms. Glancy used the weapon in his prosecution and referred to it as the murder weapon. Mr. Matthews says he had never seen the gun before it was introduced into evidence.

Prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431. This immunity applies even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). The conduct Mr. Matthews asserts in his complaint constitutes conduct intimately associated with the judicial phase of the criminal process. Accordingly, Ms. Glancy is entitled to prosecutorial immunity.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(2), the court **DISMISSES** this complaint.

**SO ORDERED.**

ENTER: September 19, 2006

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT